UNITED STATES DISTRICT COURT
DISTRICT OF MINNSOTA

Michael D. Benson,

       Plaintiff,

v.

Ron Fischer, Group Supervisor/Officer of
the Day, et al.,

       Defendants.[1]

Case No. 16-cv-509 (DWF/TNL)

**ORDER**

Michael D. Benson, MSOP, 1111 Highway 73, Moose Lake, MN 55767 (pro se Plaintiff); and

Aaron Winter and Ralph John Detrick, Assistant Attorneys General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128 (for Defendants).

## I. INTRODUCTION

Pro se Plaintiff Michael D. Benson is currently civilly committed to the Minnesota Sex Offender Program ("MSOP"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Mot., ECF No. 35).[2]

---

[1] *Benson v. Piper*, No. 17-cv-266 (DWF/TNL), 2017 WL 4220446, at *1 n.2 (D. Minn. Sept. 21, 2017) (stating Case No. 16-cv-509 should be referred to as *Benson v. Fischer* going forward "to reflect the dismissal of Defendant Emily Johnson Piper").

[2] This matter was previously stayed based on related litigation pending in *Karsjens v. Piper*, Case No. 11-cv-3659 (DWF/TNL). (ECF No. 53.) The stay was lifted on October 22, 2018. (ECF No. 54.)

## II. BACKGROUND

Plaintiff requests the appointment of counsel, stating that he is unable to afford counsel; is being denied access to his legal mail; has limited access to legal materials due to his civil commitment; and is otherwise ill-equipped to adequately present his case. Plaintiff also states that "[t]he large number of defendants . . . makes it impossible for [him], on his own, to conduct discovery, especially with regard to depositions." (Mot. at 2.)

In support of his motion, Plaintiff attached a memo issued by MSOP staff. (3/6/17 Memo, ECF No. 37; *see* Pl.'s Mem. in Supp. at 2, ECF No. 36.) The memo, dated March 6, 2017, is authored by "The Omega Team" and entitled "Legal Mail Distribution." (3/6/17 Memo.) The memo states in its entirety:

> Effective 03-06-17, Legal Mail will be available for pick up at the staff office between 4:15 pm and 4:30 pm, Monday through Friday, excluding weekends.
>
> If you are on restrictions and cannot get your Legal Mail at this time, please work with the Team to pro-socially find a solution.

(3/6/17 Memo.) Based on this memo, Plaintiff asserts that "[t]he Omega Team has informed [him] . . . that he will no longer be receiving 'legal mail' until [he] 'pro-socially finds a solution' with the Omega Team." (Pl.'s Mem. in Supp. at 2.) Plaintiff additionally asserts that he "has no idea who the Omega Team is and requests to the same to 'pro-socially find a solution' have gone unanswered." (Pl.'s Mem. in Supp. at 2.) Plaintiff further asserts that "[t]he only reply has been the unsubstantiated claim, by unit staff, telling [him] . . . that 'the Memo is being enforced to frustrate and halt the amount of litigation

that is inundating the MSOP.'" (Pl.'s Mem. in Supp. at 3.) According to Plaintiff, he "has no way of knowing or responding to motions, actions, or orders by the Court." (Pl.'s Mem. in Supp. at 3.)

The Court ordered Defendants to respond to Plaintiff's motion. (ECF No. 42.) Defendants were ordered to address the memo, "the meaning of 'pro-socially,'" and "Plaintiff's contentions that he attempted to comply with the memo but received no response and 'has no way of knowing or responding to motions, actions, or orders by the Court.'" (ECF No. 42.)

In response, Defendants contend that Plaintiff is still allowed to send and receive legal mail, and has in fact both sent and received legal mail. Between March 6, 2017 (the date of the memo) and April 11, 2017, MSOP records show that Plaintiff received two pieces of legal mail from this District; sent one piece of legal mail to the presiding district judge in this matter; and sent two other pieces of legal mail. (*See* ECF No. 46; Decl. of Jessica Geil ¶ 2, ECF No. 45.) These records also show that Plaintiff acknowledged receipt of his legal mail either the same day the mail arrived or the day after. (Defs.' Resp. at 2, ECF No. 43; *see* ECF No. 46.)

Defendants explain that "[t]he purpose of the instruction that clients who cannot receive their legal mail at a designated time should 'pro-socially find a solution' was to encourage clients to work with staff to find a positive solution to the problem." (Defs.' Resp. at 3; *see* Aff. of Steve Sajdak ¶ 5, ECF No. 44.) According to Defendants, "[t]his language mimicked the language used by the MSOP treatment teams, who encourage

3

clients to communicate with staff in a positive way." (Defs.' Resp. at 3; *see* Sajdak Aff. ¶ 5.)

Defendants also explain that a subsequent memo was issued on April 24, 2017, to reduce any confusion caused by the March 6 memo. Defendants attached a copy of the April 24 memo to their response. (Sajdak Aff. ¶ 6; 4/24/17 Memo, ECF No. 44-1.) The April 24 memo, from Laurie Severson, UD/GS, states as follows:

> Effective 04-25-17, those clients who have Legal Mail will be verbally notified by Unit Staff the day it is received. Legal Mail will be available for pick up at the staff office between 4:15 pm and 4:30 pm, Monday through Friday, excluding weekends and Holidays. If you have a scheduling conflict during that time, please notify the Omega Unit Team to arrange another time to pick up your mail.
>
> If you have any questions or concerns, please let me know.

(4/24/17 Memo.)

### III. ANALYSIS

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to

determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

First, based on the record before the Court, Plaintiff's contention that Defendants are impeding his ability to receive legal mail is unsubstantiated. *See Phillips*, 437 F.3d at 795. The record shows that Plaintiff is both able to send and receive legal mail. Moreover, Plaintiff's filings with the Court in another action pending in this District brought by Plaintiff, *Benson v. Piper et al.*, Case No. 17-cv-266 (DWF/TNL) ("Retaliation Lawsuit"), demonstrate that his access is not impeded. In the Retaliation Lawsuit, Plaintiff filed both a response to a motion to dismiss and a motion for injunctive relief on June 22, 2017, both of which were received via mail. (ECF Nos. 32, 33 in No. 17-cv-266.) Plaintiff filed additional documents in the Retaliation Lawsuit via mail on July 25, 2017. (ECF Nos. 49, 50, 51 in No. 17-cv-266.)

Second, Plaintiff's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court. *See Ward*, 721 F.3d at 943. The Amended Complaint in this matter is more than 20 pages long. (*See generally* Am. Compl., ECF No. 5.) It includes detailed factual allegations and refers to specific federal statutes, state and federal constitutional provisions, and the Federal Rules of Civil Procedure. (*See generally* Am. Compl.) Plaintiff's memorandum in opposition to Defendants' motion to dismiss and his response to Defendants' objection to the undersigned's report and recommendation were similarly comprehensive, including citations to and a discussion of a multitude of legal

5

authorities. (*See generally* Pl.'s Opp'n, ECF No. 20; Pl.'s Resp. to Defs.' Objection, ECF No. 33.) In his memorandum in support of his motion to appoint counsel, Plaintiff states that he "is unable to adequately research and provide caselaw or legal authority to support most [o]f his arguments in this memorandum." (Pl.'s Mem. in Supp. at 4.) Yet, like Plaintiff's other legal filings, Plaintiff's memorandum in support of the instant motion contains citations to and a discussion of numerous legal authorities. (*See generally* Pl.'s Mem. in Supp.) The sophisticated and strategic claims and responses, the number and substance of docket entries in cases involving Plaintiff, and his demonstrated ability to file pleadings that require complex analysis to address help establish that Plaintiff is at the highest levels of knowledge and proficiency in the context of pro se litigants.

Third, the factual and legal issues underlying this litigation do not appear any more complex than other civil-rights matters routinely brought before this Court.

Fourth, while Plaintiff has generally asserted that his present commitment impedes his ability to discover the relevant facts, Plaintiff has not identified with any sort of particularity the need for and inability to obtain certain specific discovery in this matter. *See Trotter*, 636 F. App'x at 373.

The Court appreciates that Petitioner's civil commitment and lack of a formal legal education present certain challenges to self-representation. In *Patterson v. Kelley*, 902 F.3d 845 (8th Cir. 2018), the Eighth Circuit Court of Appeals considered whether the district court abused its discretion in denying a prisoner's request for appointment of counsel in a § 1983 action against state prison officials. On appeal, the prisoner argued that counsel should have been appointed because: (1) "as an inmate, he was unable to interview

witnesses and secure relevant information"; (2) "his inartfully worded interrogatories allowed defendants to give evasive answers"; and (3) "'this [wa]s complex litigation' requiring the assistance of counsel because the case involve[d] administrative regulations and government funding issues." *Patterson*, 902 F.3d at 850.

The Eighth Circuit held that "[n]one of these grounds are sufficient to show an abuse of discretion" by the district court. *Id.* The Eighth Circuit also observed that, "given that most indigent prisoners will face similar challenges in bringing § 1983 claims, a finding that the district court abused its discretion on these bases would be tantamount to recognizing a right to appointed counsel for indigent prisoners in such cases. This we refuse to do." *Id.* The Court fully recognizes that Plaintiff is not a prisoner, but the Eighth Circuit's reasoning is equally applicable in the instant case.

## IV. ORDER

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 35) is **DENIED WITHOUT PREJDUICE**. The Court will, however, direct the Clerk of Court to provide Plaintiff with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Plaintiff who are representing themselves.

Date: January  25  , 2019

      *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Benson v. Fischer*
Case No. 16-cv-509 (DWF/TNL)

7