UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael D. Benson,  Case No. 16-cv-509 (DWF/TNL)

Plaintiff,

v.  **ORDER**

Ron Fischer, *Group Supervisor/Officer of the Day*, et al.,

Defendants.

---

Michael D. Benson, MSOP, 1111 Highway 73, Moose Lake, MN 55767 (pro se Plaintiff); and

Ralph John Detrick, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128 (for Defendants).

---

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint (ECF No. 67) and Defendants' Motion for a Protective Order (ECF No. 68).

### I. MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff has filed a timely motion for leave to amend the Amended Complaint, seeking to add an additional claim, additional defendants, and additional factual allegations.[1] Plaintiff has not, however, complied with Local 15.1(b), which requires both

---

[1] To the extent Plaintiff is attempting to place certain discovery disputes before the Court, he is required to comply with Local Rule 37.1, which provides:

> A motion under Federal Rule of Civil Procedure 36(a)(6) or 37 must contain, either in the motion itself or in the accompanying memorandum—
> (a) any certification required by a federal or local rule that the movant has in good faith conferred or attempted to confer with the party failing to act;
> (b) a specification of the disclosure or discovery in dispute;

1

"(1) a copy of the proposed amended pleading, *and* (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading." (Emphasis added.) While Plaintiff provided a copy of his proposed amended pleading, he did not comply with the second part of Local Rule 15.1(b), requiring "a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading."

In an Order dated January 25, 2019, the Court "cautioned [Plaintiff] that any future motion to amend must comply with Local Rule 15.1." (ECF No. 61 at 9.) Again, Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court. *See Bennett*, 295 F.3d at 808; *Oprenchak*, 2012 WL 1247216, at *15. Based on noncompliance with Local Rule 15.1, the Court will deny Plaintiff's

---

(c) the text (which may appear in an exhibit to which the motion or memorandum refers) of any interrogatory, request, question, or notice in dispute, together with each answer, response, or objection to any such interrogatory, request, question, or notice;
(d) a concise statement of why the disclosure, answer, response, production, or objection is insufficient, evasive, incomplete, or otherwise improper;
(e) if the motion concerns a failure to preserve electronically stored information, a showing that the information—
(1) should have been preserved in the anticipation or conduct of litigation,
(2) was lost because a party failed to take reasonable steps to preserve it, and
(3) cannot be restored or replaced through additional discovery; and
(f) the remedy sought, together with an argument for why the requested remedy is authorized and justified.

*See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Oprenchak v. Am. Family Mut. Ins. Co.*, No. 11-cv-425 (PJS/TNL), 2012 WL 1247216, at *15 (D. Minn. Mar. 26, 2012) ("Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court."), *adopting report and recommendation*, 2012 WL 1253011 (D. Minn. Apr. 13, 2012).

motion to amend without prejudice.  **The Court will, however, give Plaintiff until June 17, 2019, to refile his motion to amend properly.**

## II. MOTION FOR A PROTECTIVE ORDER

On May 10, 2019, Defendants filed a motion seeking the entry of a protective order. **Plaintiff's response is due on or before May 31, 2019.**  The motion will then be deemed submitted and the Court will issue its decision based on the papers, without a hearing.

## III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 67) is **DENIED WITHOUT PREJUDICE**.  **Plaintiff may refile his motion to amend properly on or before June 17, 2019.**

2. **Plaintiff's response to Defendants' Motion for a Protective Order (ECF No. 68) is due on or before May 31, 2019.**  The motion will then be deemed submitted and the Court will issue its decision based on the papers, without a hearing.

3. All prior consistent orders remain in full force and effect.  Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May __16__, 2019          *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota