UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael D. Benson,                                      Civil No. 16-509 (DWF/TNL)

        Plaintiff,

                                                                                           MEMORANDUM
v.                                                      OPINION AND ORDER

Ron Fischer[1], *Group Supervisor/Officer of
the Day*, et al.,

        Defendants.

___

Michael D. Benson, *pro se.*

Aaron Winter and Ralph John Detrick, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

___

INTRODUCTION

This matter is before the Court on Plaintiff Michael D. Benson's ("Benson") *pro se* Motion to Vacate this Court's order and judgment adopting Magistrate Judge Tony N. Leung's July 29, 2020 Report and Recommendation.[2] (Doc. No. 132 ("Motion").)

___

[1] As set forth in the Report and Recommendation, Defendant Ron Fischer passed away while this litigation was pending. (Report and Recommendation at 2 n.1.) While his death does not impact the disposition of this case, the Court notes the circumstance, and that Benson did not file a motion for substitution pursuant to Rule 25. *See* Fed. R. Civ. P. 25(a)(1) (individual capacity claims must be dismissed if a motion for substitution "is not made within 90 days after service of a statement noting the death.").

[2] The Court grants deference to Benson as a *pro se* litigant and construes his Motion liberally. *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Defendants oppose Benson's Motion.  (Doc. No. 134 ("Def. Opp.").)  For the reasons set forth the below, the Court respectfully denies Benson's Motion.

## BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set forth in the July 29, 2020 Report and Recommendation (Doc. No. 125 ("Report and Recommendation")) and is incorporated by reference herein.  In brief, Benson is involuntarily committed to the Minnesota Sex Offender Program ("MSOP").  In February 2016, Benson brought this action against officers and employees of the Minnesota Department of Human Services under 42 U.S.C. § 1983, asserting numerous violations of his civil rights.[3]  (*See generally*, Doc. No. 1.)  After dispositive motion practice, Benson's remaining claims stemmed from allegations that he was denied food for three days, placed in wrist restraints, inappropriately placed in the MSOP's High Security Area ("HSA"), and unreasonably searched.[4]  (Report and Recommendation at 23-41.)

The parties filed cross motions for summary judgment on the remaining claims in late 2019.  (Doc. Nos. 84, 112.)  On July 29, 2020, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted, and that Benson's claims be

---

[3]     Benson filed an amended Complaint on May 3, 2016.  (*See* Doc. No. 5.)

[4]     Magistrate Judge Leung addressed Benson's unreasonable search claim as a violation of the Fourth Amendment.  (Report and Recommendation at 37-41.)  He addressed Benson's other claims under the Due Process Clause of the Fourteenth Amendment.  (*Id.* at 22-36.)

dismissed.⁵ (Report and Recommendation at 43.) Benson did not file an objection to the Magistrate Judge's recommendation that his claims be dismissed. This Court adopted the Report and Recommendation in its entirety on August 19, 2020 and entered judgment the next day. (Doc. Nos. 129 ("Order"), 131 ("Judgment").) Benson did not file an appeal.

Benson now moves this Court to vacate its Order and Judgment pursuant to Fed. R. Civ. P. 60 based on the Eighth Circuit's recent decision in *Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021).⁶ (*See generally* Motion.) He claims that the Judgment should be vacated because *Karsjens* changed the law by making the "shocks the conscience" standard inapplicable to his claims. (*See generally*, Motion.) Benson asserts that he consistently argued that the "shocks the conscience" standard was inappropriate, and that *Karsjens* shows that he was correct.⁷ (*Id.* at 3-9.) He also contends that "[t]he

---

⁵ The Magistrate Judge dismissed Benson's Fourteenth Amendment claims under the "shocks the conscience" standard; however, his Report and Recommendation also observed that each alleged punitive condition of confinement was tied to a legitimate government interest. (*Id.* at 23-24, 26, 30, 35-36.)

⁶ In *Karsjens*, the Eighth Circuit found that because civilly committed individuals may not be subject to punishment, Fourteenth Amendment substantive due process claims alleging punitive conditions of confinement should not be addressed under the "shocks the conscience" standard. 988 F.3d at 1053-54. The Eighth Circuit directed that the appropriate standard for such claims is to determine whether the conditions were "'imposed for the purpose of punishment or whether [they were] but an incident of some other legitimate governmental purpose'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).) Henceforth, the Court refers to this standard as the *Bell* standard.

⁷ Benson appears to conflate the "deliberate indifference" standard with the *Bell* standard. (*See, e.g.*, Motion at 10.) While *Karsjens* did find that the "deliberate indifference" standard should be applied to claims of inadequate medical care, it directed that claims related to punitive conditions of confinement be addressed under the *Bell* standard. 988 F.3d at 1054. All of Benson's Fourteenth Amendment claims pertain to

3

restrictions levied on [him] were not rationally related [to a] legitimate nonpunitive governmental purpose and he was subjected to conditions of confinement designed to punish." (*Id.* at 8 (internal quotation marks and citation omitted).)

## DISCUSSION

Rule 60(b) enumerates specific circumstances in which a party in a civil case may receive relief from final judgment. Fed. R. Civ. P. 60(b). The reasons include mistake, newly discovered evidence, and fraud, among others. *Id.* The Rule concludes with a catchall provision which provides that a court may lift judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b) vests wide discretion in the courts," but "relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (internal quotation marks and citation omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors." *Id.* at 778. Still, relief under Rule 60(b)(6) is "exceedingly rare as it requires an 'intrusion into the sanctity of final judgment.'" *Doe v. Tsai*, Civ. No. 08-1198 (DWF/AJB), 2010 WL 11643581, *3 (D. Minn. Dec. 9, 2010) (quoting *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007). "The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done."

---

the conditions of his confinement. Therefore, if his claims were to be retried, they would be addressed under the *Bell* standard. Granting deference to Benson as a *pro se* litigant, the Court construes his Motion to advocate for use of the *Bell* standard.

4

*Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks and citation omitted).

Benson does not specify the provision of Rule 60(b) under which he seeks relief. Because his Motion stems from his claim that *Karsjens* changed the law applicable to his case, the Court construes his Motion under the catchall provision in Rule 60(b)(6). *See Kansas Pub. Emps. Ret. Sys. v. Reimer & Kroger Associates*, 194 F.3d 922, 925 (8th Cir. 1999) (construing claim that change in law warranted relief from judgment under Rule 60(b)(6)).

Defendants argue that Benson's Motion should be denied because "any change in the law effected by *Karsjens* is not an exceptional circumstance warranting relief under Rule 60(b)(6)." (Def. Opp. at 2, 4-6.) Defendants also argue that even if a change in law were an exceptional circumstance, the Report and Recommendation makes clear that Benson's claims also fail under the *Bell* standard. (*Id.* at 6-8.) The Court agrees.

As discussed above, motions granted under Rule 60(b) are exceedingly rare, and those under Rule 60(b)(6) require a showing of extraordinary circumstances. *Buck*, 137 S. Ct. at 778.[8] Here, Benson correctly points out that the "shocks the conscience" standard is no longer the correct standard under which to address his Fourteenth Amendment punitive condition of confinement claims. The Court finds that this reason

---

[8] The Eighth Circuit has held that Relief under Rule 60(b)(6) is available "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871. Here, the record reflects that Benson had ample opportunity to litigate his claims fully and fairly.

alone though, is insufficiently extraordinary to vacate its Judgment. "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance." *Kansas Pub. Emps. Ret. Sys.*, 194 F.3d at 925. This is because "[s]ociety's powerful countervailing interest in the finality of judgments simply requires that each case have an end, though the law continues to evolve."[9] *Id.* !

Moreover, even if a change in law were sufficiently extraordinary under Rule 60(b)(6), the Court finds that the decision in *Karsjens* would not affect the Judgment in this case. As noted above, while Magistrate Judge Leung dismissed Benson's punitive conditions of confinement claims under the "shocks the conscience" standard, he also tied each claim to a legitimate governmental interest. (*See* Report and Recommendation at 23-24, 26, 30, 35-36.) Thus, the Court finds that Benson's claims also fail under the *Bell* standard.

## CONCLUSION

For the reasons set forth above, the Court finds that a change in law is an insufficiently extraordinary reason to vacate Benson's sentence under Rule 60(b)(6). Even if it were, the Court finds that the relevant change in law does not affect Benson's

---

[9] Importantly, Rule 60(b) is not intended to substitute for a timely appeal. *United States v. Mosbrucker*, 340 F.3d 664, 665 (8th Cir. 2003). Benson did not object to the Report and Recommendation dismissing his claims, nor file a timely appeal. He may not now rely on Rule 60(b) to advance arguments he fully litigated, lost on the merits, and declined to appeal.

case because his claims also fail under the *Bell* standard.  Therefore, Benson's motion is respectfully denied.

**ORDER**

Based on the files, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff Michael D. Benson's *pro se* Motion to Vacate this Court's order and judgment adopting Magistrate Judge Tony N. Leung's July 29, 2020 Report and Recommendation (Doc. No. [132]) is respectfully **DENIED**.

Dated:  July 8, 2021                              s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge